Good morning. May it please the court. My name is Catalina Gracia and I represent the petitioner Walter Ayala. Your Honors, the issue at hand is whether an increase in violence is sufficient to constitute a change in country conditions such that a motion to reopen is established. First, we argue that it does. In 2008, the Ninth Circuit and Lynn B. Holder held that for an alien to succeed on a motion to reopen, he must first present evidence of country conditions. Second, show that such evidence is material. Third, establish that such evidence was not discoverable or presented at the previous hearing. And lastly, that new evidence together when considered with the evidence presented at the original hearing would establish prima facie eligibility for the relief sought. Here, the petitioner presented evidence of country conditions, both through his own declaration citing threats his brothers received in 2012 and through the submission of country reports for El Salvador issued by the Department of State for the years 2011 through 2013. Counsel, can I have a more fundamental question? It seems to me in this case, your client was initially asserting that because he was a former police officer that he was going to be tortured, etc., in his home country, correct? That is correct, Your Honor. Then in the motion to reopen, I'll say the second motion to reopen, it seems that there was another argument posed which had to do with the fact that his family connections would lead to very bad things happening to him in his home country. Is that correct? That's correct, Your Honor. Do you happen to have the second motion to reopen, I'll call it the motion to reopen, do you have that with you? I do, Your Honor. So I want to ask you about that if I could. The page numbers I'm going to use are, I'll call them AR. And it seems to me, I just want to make sure if I understand this pleading correctly, that if you go to page, starting on page 42? Yes, Your Honor. It says here the BIA should find that the instances of persecution against members of Mr. Ayala's family is a change in country conditions. You see that section there? I do, Your Honor. Then if you continue to pages 44 to 45, the bottom of 44 to 45, it seems that that is where your client was making this other social group argument relating to his family. Correct, Your Honor. And I think there's maybe one more instance if we keep going on page AR 50. It also says here, alternatively, as a member of Mr. Ayala's family, the harm directed at his brother. Is there anywhere else in the record that this argument was developed by your side? The idea that it's not merely his line of work, but also his family? No, Your Honor. That was the extent of it in the motion to reopen that was submitted to the court. And in reading the BIA's order, the second one, the 2015 order, I'm asking the government a lot of questions about this, but it seems to me they seem to think that there was no family argument made. Correct. Was that ever, was there any further exchange with the BIA on that question? No, Your Honor. We did not have a further exchange as to the family connection. Okay, so what we have at this point is this motion to reopen, and we have what the BIA said, and that's it. Correct. Okay, thank you. And referencing the threats that were made to the petitioner's brothers, we are here today with regard to the changed circumstances that stem from those threats. To start with, in 2012, Respondent's brother, Miguel Ayala, who is a member of the National Civil Police in El Salvador, at the time was off duty and approached by several gang members who, because of his position in law enforcement, threatened his life. Let me ask a question about that, actually, counsel. Your argument is that this additional group that he's a member of is his family member group, but doesn't the record show that the gang members targeted his brother, threatened his brother Miguel, not because he was a member of that family, but for being a police officer? So not a new group, but the same group that they previously considered. Yes, Your Honor, that is correct. However, the petitioner also has a brother who is not part of law enforcement and who was also threatened by gangs, and reference was made to the petitioner, Walter Ayala, as part of those threats. So that threat indicates that it's not only because of the tie to law enforcement, but also because of a relation to the Ayala family. So are we talking about the threat that they were looking for, Walter Ayala? That is correct. That is the threat that was made to Francisco Ayala at the time that he returned to El Salvador after being deported from the United States in 2012. So do you interpret that as they were looking for Walter, or they were looking for his brother because he was related to Walter? Well, I think that they're one in the same here, Your Honor. Because of these threats, Francisco Ayala actually ultimately fled El Salvador and now lives in Mexico, because the threat to his brother was directed not only at Francisco Ayala, but at Walter Ayala through him. So there was no way to separate the two. Just being a member of that family put Francisco Ayala at risk, and Walter Ayala and Miguel Ayala were part of that unit. Thank you. What about the rest of his family? He had several brothers, both in law enforcement and not in law enforcement. Correct, Your Honor. The record only speaks of Miguel Ayala and Francisco Ayala. As to the other brothers, it's our understanding that they are now living in smaller areas of El Salvador to stay away from, as much as possible, the gangs that have targeted the rest of the family. In fact, now Miguel Ayala lives in hiding somewhere in a remote part of El Salvador where the petitioner has little or no contact with him. So you're right now making this changed country conditions argument so that you can be excused from the deadline requirement. This is not to the merits yet, right? Correct. This is not to the merits yet because the merits of these claims would be something that I believe an immigration judge would analyze and give it the weight that they believe is warranted. Further, Your Honor, in 2013, the petitioner was informed by his brother Miguel Ayala that the violence in El Salvador had increased to such a degree where it was inescapable. And as I mentioned, he now lives in hiding. Further, the U.S. Department of State Bureau of Diplomatic Security stated that in 2012 the leading cause of non-natural death in El Salvador was homicide, making it the second highest per capita murder rate in the world. In fact, the violence in El Salvador has escalated so much that today we are experiencing a caravan of immigrants from El Salvador who have left because the situation there is so dangerous. And we're speaking of people who are women and children and have no ties to law enforcement. In our case, the petitioner can't escape his perceived relation to law enforcement despite the fact that he's no longer a member of the police force in El Salvador and hasn't been there in 10 years. But the standard you have to establish is qualitatively different. So the evidence has to be qualitatively different from what was presented during the original removal proceedings. What do you believe is the best evidence in the record for you that is qualitatively different, not merely quantitatively? Well, I think that the best evidence in the record would be the fact that starting in 2012, the petitioner's family was targeted as his claim in 2003 made no mention of the family being targeted. So I think in this case, it adds to the legally cognizable social group that the respondent is a member of. And it differentiates the claim from that of the claim that was made in 2003. And, Your Honors, I urge the court to find that the petitioner has shown changed circumstances in El Salvador sufficient to establish the basis for a motion to reopen. Again, this is just to meet the minimum standard of a motion to reopen. We understand that the actual meat of the claim would be something that would be argued in immigration court. And the veracity of these statements and all of the evidence that was presented would be adjudicated at that time. Is there any other questions? I think not. Why don't you reserve for rebuttal? I'll reserve my time that's left for rebuttal. Thank you, Your Honors. Thank you. Good morning, Your Honors. My name is Linda Doe, and I represent the respondent, the United States Attorney General. In this immigration case, the board is within its discretion by denying Petitioner Ayala's untimely motion to reopen where he did not demonstrate materially changed country conditions in El Salvador or that the new evidence demonstrates his prima facie eligibility for asylum withholding a rule and cat protection. In this instance, he alleges essentially three changes, that there is an increased violence in El Salvador, that his brother, Miguel, a police officer, had received death threats in 2012, and that his other brother, Francisco, had received death threats by a gang who indicated that they were looking for Petitioner Ayala. In this instance, he hasn't shown that is material to his claim where he is claiming that he has a fear of persecution on account of his status as a former police officer. Counsel, can I ask you about something you just said? You mentioned that he has a couple different theories here. One is a former police officer. He also mentions that his brothers that have had troubles back home. The BIA in 2015 said respondent is not seeking asylum or withholding of removal on account of his family membership. Is that your understanding of the arguments that they made in their motion to reopen? Yes, Your Honors. If I may, Petitioner states that he could raise such an argument, but does not actually state that he is raising such an argument. Additionally, he doesn't cite to any evidence in the record, did not raise it in his asylum application or in his 2013 declaration. Furthermore, this case is distinguishable from Rios versus Lynch. In that case, Petitioner had asserted in his appeal brief to the board that he was at risk due to his familial affiliation and that there was a vendetta that gangs had against the family for being willing to testify. In this instance, Petitioner Ayala is claiming that he had received a vicarious threat through his brother, indicating that gangs were looking for him on account of himself. He said that they were seeking Walter Ayala, which is me, not based to an affiliation to his siblings or his family. But let me just be clear. So you think the BIA handled the family claim how? That it handled it and rejected it or that they didn't make a claim? That he didn't raise the claim. Well, let me ask because I know you didn't write the brief in this case. I know you inherited it. But if I could take you to the government's brief in this case, page 22. So if you go to page 22 in the government's brief, the government writes, let me know if you're there. Middle of the page, the board correctly determined that Ayala had not presented any evidence to support or substantiate counsel's speculative musing that criminal gangs might target Ayala on account of his family membership. So this brief seems to be suggesting that the argument was made, but just wasn't supported with evidence. Is that correct? I believe it would be both. He didn't raise it and didn't submit. He cited nothing. Well, that's two different things. It's one thing to say the argument's unsupported. It's another thing to say the argument wasn't made. So what is the government's position? I believe it was not made. According to the board, he didn't show that he was seeking asylum based on that premise. Well, let me ask you, because in the government's brief, they cite AR-5. So if you could go back to the BIA's order. And if you look at AR-5, let me know when you're there. So the government's brief cites AR-5 as proof that the board rejected his claim because it lacked evidence. Now, if you look at AR-5, it says the respondent suggested the motion that the gangs are seeking to harm him on account of his membership in his proposed particular social group, citing motion at 8 to 9. Now, if you go to the motion to reopen at pages 8 to 9, so now we're at AR-40 and 41, that's the I'm a police officer claim. That's not the family claim. So when the government's brief says that the BIA rejected the claim for lack of evidence, it's pointing to the wrong part of the motion to reopen, isn't it? Did you read the brief that was submitted by the Department of Justice? Yes, I did. And my my understanding was that it was he didn't establish that he was seeking it and he didn't submit any evidence of support thereof. There's just nothing to base, like find, make a finding that he was seeking asylum based on that premise. Where does the board say what you just said? So it's page four. Right. However, the respondent is not seeking asylum or withholding removal on account of his family membership. But that's not this. That's not the same as saying they didn't prove it. But he's not seeking it because he hadn't said that he was. But what about the motion to reopen? The motion to reopen says three times they're seeking it. The motion says that he could seek it, but not that he is seeking it. Well, the standard could be the argument. The statute says and I'm paraphrasing because I can't find it again. But the statute says that what the declaration must date is facts to be proven. He asserted this as a fact, which if proven and taken and found to be true would grant him belief. Do you agree with that? That's what the statute says. That's what he's required to put in front of the BIA. He was required to show that it was on account of a protected ground. And in this instance, he didn't say he was seeking asylum based on his family membership. Well, the BIA opinion says he was. The BIA said that he didn't show that he was seeking asylum. No, I thought it said that he didn't. I don't know if it's the opinion or the brief. I'm confused now. But they said he didn't prove it. But at this stage, at the motion to reopen stage, he doesn't have to prove it. I think there's some reference to musings about if he states it and declares to it and it's and it's demonstrates a qualitative change. He still has a burden of proving it later. This is just to get him to the threshold of getting a hearing. Yes. And that declaration has a dearth of details showing that they're seeking him for any reason. They don't say why they're seeking him. So, again, which is it? Is it failure of proof? At the end of the day, he still has to make a showing to show that the motion to reopen would be warranted and that he warrants an exception. There is a certain burden he does need to sustain, even with just from the face of the declaration. That declaration just doesn't have sufficient facts to support that. But here's my concern, and I'm not saying that his claim is a strong one. All right. This is really more of a procedural concern. My concern is that the BIA didn't realize what he argued in his motion to reopen and that they missed it. How can we be confident that the BIA actually understood the argument he was making? And, again, the motion to reopen was not the best motion to reopen I've ever read. It wasn't the clearest. But if I'm concerned the BIA didn't even realize he made the argument, prove me I'm wrong. Because they addressed it. But they said he didn't make it. Yes, because he didn't raise it. Okay, but now let's go back to AR-50. If you go back to AR-50, all right, I'll read it. Mr. Ayala is a member of a particular social group in El Salvador targeted for persecution on account of a protected ground. And he says, alternatively, as a member of Mr. Ayala's family, and for that purpose, the harm directed against the elder brother of Mr. Ayala should be taken into consideration. How is that not making the argument? Because there's nothing to support. No, but again, there's – It's a theory that he supports that he could raise. That's an argument. It may not be a good argument. It may not be a supportive argument. But it's an argument, correct? Okay, stop going to base. Answer my question here. Did he make an argument that he should receive some relief because something happened to a family member? He made the argument that he could raise that argument. So he made the argument, right? It's in a motion to reopen. He says it's an alternative ground for me to get my relief. That he could raise it if he wanted to. He firmly raises it in his opening brief. He says he is seeking it now. So you're saying that what he wrote in his motion here where he says it's an alternative ground for relief, that's not an argument? 4445 in the argument section of his motion to reopen. It says that he could raise the argument. How about page 50 that I just read to you? Making the alternative request at the conclusion? Yeah. Isn't that an argument? I mean, if that's the standard you want us to have, then we can apply that to the government and all the brief it files with this court. And we can say, well, you didn't really argue that because you said you could argue it. So therefore, it's not an argument. Is that the standard you want us to apply? I would believe that we would have some citations, some legal support, some statement. I don't think you need legal support. It's in the statute. I mean, that's obviously one of the five enumerated grounds for asylum. It's in the statute. And it's also been determined in case law that family can be a particular social group. It's commonly known among immigration lawyers and probably immigration judges what this law is. Yes. And you, too, must know, right? Yes. I'm completely uncontesting that premise. Okay. I believe that he still would have to require the showing of a nexus at the end of the day. Even just for a motion to reopen, you know, to seek asylum, withholding, it's a requirement for premature eligibility. And he just hasn't, you know, shown it. I mean, there's just nothing. And where does the BIA say that he did not show it? The BIA said he was not seeking it. Right. So isn't that the problem here? But it wasn't raised in his asylum application either or his declaration. He checked both boxes in his new asylum application. Yes. And he has stated— No, that's raising it. If you check both boxes on the asylum application, that's raising it. For a particular social group but not for family. He raised it on the status of a former police officer. That was his first asylum application. And as well as since 2013. All right. You're over your time. Thank you, counsel. Government respondent's brief. Thank you. I wouldn't rest on that brief. Your Honors, the fact that a family-based claim was raised is sufficient to preserve the issue and allow petitioner to substantiate the claim if and where the motion to reopen is granted. Thank you. Thank you, counsel. Ayala v. Whitaker will be submitted.
judges: Wardlaw, Owens, Dorsey